UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| WAYNE PORRETTI, | Case No. 2:20-cv-02343-GMN-EJY |
| --- | --- |
| Plaintiff, | |
| v. | **ORDER** |
| | **and** |
| AARON FORD, Attorney General of the State of Nevada, et al., | **REPORT AND RECOMMENDATION** |
| | **Re: PLAINTIFF'S COMPLAINT** |
| Defendants. | **(ECF No. 1-1)** |

Presently before the Court is *pro se* inmate Plaintiff Wayne Porretti's Application to Proceed *In Forma Pauperis* (ECF No. 1). Plaintiff also submitted a Complaint attached to his *in forma pauperis* application. ECF No. 1-1.

**I.    *In Forma Pauperis* Application**

Plaintiff submitted an inmate application to proceed *in forma pauperis* showing an inability to prepay fees and costs or give security for them. ECF No. 1. Plaintiff properly attached to his application a copy of his inmate trust account statement for the last six months, a financial certificate signed by a prison official, and an affidavit attesting to the application's authenticity. Accordingly, the request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915(a).

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them

1

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted). In construing Plaintiff's Complaint liberally, the Court looks in part to the attachments to Plaintiff's filing. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts may generally consider allegations contained in pleadings, as well as exhibits attached to the complaint).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under the Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    Plaintiff's Complaint**

Plaintiff's Complaint alleges that on April 27, 2020, Defendant Simmons, a Correctional Officer at High Desert State Prison, served Plaintiff with a write-up for foul language. ECF No. 1-1 at 2, 4. Plaintiff pleaded not guilty to the foul language write-up. *Id*. at 3. Defendant Simmons allegedly "went from the serving officer to the hearing panel" and denied Plaintiff the twenty-four hours he requested to prepare for the hearing and, further, denied Plaintiff a transcript of the hearing afterwards. *Id*.

Plaintiff also alleges that he is an individual with a mental illness, specifically Tourette Syndrome. *Id*. at 2. Plaintiff claims that under the prison regulations, psychologists are to interview inmates with a mental illness and attach the findings to the write-ups. *Id*. at 3. Allegedly, Plaintiff never received an interview with a psychologist. *Id*. When Plaintiff asked to see his report, Defendant Simmons allegedly told Plaintiff that he does not have a right to view the report. *Id*.

Plaintiff maintains Defendant Simmons used "excessive force" in revoking telephone privileges for thirty days, rather than the usual fifteen days for a class "D" offense. *Id*. at 4. Plaintiff

2

then filed a grievance complaining of the length of the revocation of telephone privileges he received. *Id*. Plaintiff's grievance stated it was "not an appeal but due process violation." *Id*. Plaintiff was not appealing the loss of telephone privileges itself; rather, he was bringing attention to what he believes was a due process violation. *Id*. Plaintiff states the grievance was then ignored and treated as an appeal of hearing for the initial foul language write-up. *Id*. As a result, the grievance was denied because appeals are to be filed within ten days of the hearing decision. *Id*. Plaintiff asserts Defendants Daniels, Johnson, and Thompson are responsible for their employees' actions.[1] *Id.* Claiming the above, Plaintiff states he has exhausted his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). *Id.* Liberally construed, the Court finds Plaintiff's Complaint is seeking to allege a Fourteenth Amendment due process claim. *Id.*

**IV.   Discussion**

    A.   <u>Plaintiff exhausted his administrative remedies under the PLRA</u>.

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is also necessary if the prisoner believes that exhaustion is futile. *Booth v. Churner*, 532 U.S. 731 (2001). "The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) (per curiam). The Supreme Court held that this exhaustion requirement demands "proper" exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). To properly exhaust available administrative remedies, a prisoner must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. The PLRA requires that an inmate exhaust only those administrative remedies "as are available." 42 U.S.C. § 1997e(a).

---

[1]   Plaintiff names Attorney General Aaron Ford on the face of his application to proceed *in forma pauperis*, but fails to name Defendant Ford in the body of his complaint. ECF No. 1-1 at 1–2.

The Ninth Circuit recognizes that the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010). This is because excusing a failure to exhaust when prison officials improperly screen a grievance or appeal "helps ensure that prison officials will consider and resolve grievances internally and helps encourage use of administrative proceedings in which a record can be developed that will improve the quality of decision-making in any eventual lawsuit." *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010). In sum, "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA." *Id*. In instances where "prison officials screen out an inmate's appeals for improper reasons, the inmate cannot pursue the necessary sequence of appeals, and administrative remedies are therefore plainly unavailable." *Id*.

In *Nunez v. Duncan*, the Court determined that the inmate's failure to exhaust his administrative remedies was excused "because he took reasonable and appropriate steps to exhaust his…claim and was precluded from exhausting, not through his own fault but by the Warden's mistake." 591 F.3d 1217, 1224 (9th Cir. 2010). Specifically, Nunez requested a citation to the law or regulation for which the conduct at issue was authorized. The warden mistakenly provided the wrong citation, which led to Nunez failing to properly follow grievance procedures. *Id.* at 1220-23. The Court excused the exhaustion requirement because Nunez took reasonable and appropriate steps to obtain the citation needed to engage in the process to which he was entitled. *Id*.

Here, Plaintiff sufficiently alleges, at the pleading stage, that his administrative remedies were rendered unavailable thus excusing his technical failure to exhaust his grievance procedure. First, Plaintiff responded to the write-up, pleaded not guilty, and sought a hearing. ECF No. 1-1 at 3. After Plaintiff was found guilty of using foul language, a class "D" offense, Plaintiff filed a grievance regarding his sanction revoking his telephone privileges for 30, rather than the alleged typical, 15 days. *Id*. at 4. Plaintiff's grievance was denied as an untimely appeal. *Id*. Plaintiff was precluded from exhausting the process available, not through a fault of his own, but rather the prison's mistake in failing to process the grievance. The Court finds that Defendants' improper screening of Plaintiff's grievance rendered Plaintiff's administrative remedies unavailable.

4

B. <u>The Court recommends Plaintiff's claims for money damages against Defendants Johnson, Thompson, and Simmons in their official capacities be dismissed because amendment would be futile.</u>

Plaintiff names Daniels, Johnson, Thompson, and Simmons, each of whom are state officials, as Defendants in their official and individual capacities. *Id.* at 1-2. The Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted). Thus, Plaintiff's Section 1983 claims for money damages against the named Defendants in their official capacities fail as a matter of law. *N. Nev. Ass'n of Injured Workers v. Nev. State Indus. Ins. Sys.*, 807 P.2d 728, 732 (Nev. 1991). For this reason, the Court recommends dismissing as futile and, therefore, with prejudice, all of Plaintiff's claims seeking money damages for harms allegedly caused by Defendants in their official capacities. *Festa v. Sandoval*, Case No. 2:17-cv-00850-APG-NJK, 2020 WL 2114358, at *5 (D. Nev. May 4, 2020).

C. <u>Plaintiff's claims for injunctive relief against the Defendants in their official capacities seeks retroactive relief and, therefore, fails as a matter of law.</u>

The Eleventh Amendment does not bar Plaintiff's claims for prospective injunctive relief against Defendants in their official capacities. "[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). *See also Ex Parte Young*, 209 U.S. 123, 159–60 (1908). It is well established that § 1983 actions against state officials in which the plaintiff requests prospective injunctive relief are not barred by the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). However, "[f]ederal courts may not award retrospective relief…if the State invokes its immunity." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).

In this case, Plaintiff seeks retroactive equitable relief through expungement of his disciplinary records from Defendants in their official capacity. ECF No. 1-1 at 1-2, 8. Plaintiff has not alleged any potential future violation or ongoing violation of any federal right. *Idaho v. Coeur*

*d'Alene Tribe,* 521 U.S. 261, 294 (1997). Plaintiff's allegation of a past violation of a federally protected right is insufficient to overcome the Eleventh Amendment immunity. *Doe v. Lawrence Livermore Nat'l Lab.*, 817 F.Supp. 77, 79 (N.D.Cal.1993).

For this reason, the Court recommends dismissal, with prejudice, of Plaintiff's claim to the extent Plaintiff seeks retrospective injunctive relief against Defendants in their official capacities.

D. <u>The Court recommends Plaintiff's Fourteenth Amendment procedural due process claim for money damages be dismissed with prejudice as amendment would be futile</u>.

As stated, the Court interprets Plaintiff's due process claim as alleging a violation of his Fourteenth Amendment due process rights. *Id.* at 4-5.[2] To establish a claim for deprivation of substantive due process, a plaintiff must "show a government deprivation of life, liberty, or property." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). Prisoners may state a Fourteenth Amendment violation when prison consequences result in "qualitatively different" that are different than ordinary prison punishments. *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer of inmate from prison to a mental institution); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (in which the United States Supreme Court held that a prisoner has a liberty interest when confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). However, by way of example, there is no violation of the Fourteenth Amendment for thirty days of punitive solitary confinement. *Sandin*, 515 U.S. at 486; *see also Randle v. Melendrez*, Case No. CV-16-2342 MWF (AJW), 2017 WL 1197864, at *4 (C.D. Cal. Feb. 17, 2017) (finding "four months in administrative segregation as a result of the false RVR," during which a plaintiff was deprived of contact visits, "packages, canteen unrestricted yard, phone calls and personal property" insufficient to implicate a liberty interest under *Sandin*).

To the extent Plaintiff complains of the way prison officials did or did not respond to his grievance, Plaintiff fails to state a Fourteenth Amendment due process claim. Inmates have no stand-alone due process rights related to the administrative grievance process. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that a state's unpublished policy statements establishing a

---

[2] Plaintiff's Eighth Amendment cruel and unusual punishment claim fails because Plaintiff's allegations do not involve the conditions under which he is incarcerated or that he has been deprived of "the minimal civilized measures of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

grievance procedure do not create a constitutionally protected liberty interest); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that in a prison context there is no liberty interest in the processing of appeals under Due Process because there is no liberty interest entitling inmates to a specific grievance process).  Thus, to the extent Plaintiff alleges that his due process rights were violated because of the failure to properly handle his grievance, he cannot state a due process claim.

Plaintiff's argument regarding the reduction of his telephone privileges is similarly not a protectable liberty interest because it is an "ordinary incident[] of prison confinement" and, therefore does "not implicate a liberty interest protected by the Due Process Clause." *Perez v. Fed. Bureau of Prisons*, 229 F.App'x 55, 58 (3rd Cir. 2007).  The Due Process Clause itself does not "give rise to a protected liberty interest in…phone…privileges." *Davis v. Small*, 595 F.App'x 689, 691 (9th Cir. 2014).  Further, Plaintiff's sanction did not "exceed[] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." *Sandin*, 515 U.S. at 4854 Hence, Plaintiff's claim the reduction of his telephone privileges does not state a constitutionally protected right on which he may recover.

**V.    Order**

Accordingly,  IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.  Plaintiff will not be required to pay the filing fee in this action.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.  This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

**VI.    Report and Recommendation**

IT IS HEREBY RECOMMENDED  that Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice because:

- Plaintiff's claims for monetary relief against Defendants in their official capacities fails to state a claim upon which relief may be granted and amendment would be futile;

7

- Plaintiff's claims seeking retroactive injunctive relief against prison employees in their official capacity fails to state a claim upon which relief may be granted and amendment would be futile;
- Plaintiff has no procedural due process right to grievance procedures. As such amendment of procedural due process claim would be futile; and,
- Plaintiff fails to state the denial of a substantive due process right, and the facts seeking relief from punishment regarding phone privileges cannot be amended to state a constitutional violation.

DATED this 1st day of February, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).